IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30030 |
| | ) | |
| DARRON D. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on September 22, 2005, for the sentencing of Defendant Darron D. Jones.  Defendant Jones was present in person and by his attorney Douglas Beevers.  The Government was present by Assistant U.S. Attorney Gregory Gilmore.  On May 25, 2005, Defendant Jones waived indictment by the Grand Jury and pleaded guilty to the offense of Embezzlement by Bank Employee in violation of 18 U.S.C. § 656 as alleged in the sole count of the Information.

The United States Probation Office prepared a Revised Presentence Investigation Report, dated September 8, 2005 (PSR). The PSR applied the November 1998 version of the Guidelines, which the Court found to be

1

more favorable to the Defendant than the current November 2004 version. The Government had no objections to the PSR. Defendant Jones originally raised three objections to the PSR; however, he abandoned his objection to ¶ 7 at the outset of the sentencing hearing.

The Court heard evidence on the two remaining objections. Defendant Jones objected to ¶ 10 of the PSR, which detailed a $20,000.00 official National City check that was made payable to Defendant. Defendant asserted that this $20,000.00 was a legitimate loan and should not be included in either the amount of loss or the restitution amount. Defendant also objected to ¶ 28 of the PSR and the corresponding application of an offense level enhancement for abuse of a position of private trust under U.S.S.G. § 3B1.3. At the close of evidence, Defendant withdrew his objection to ¶ 10.

Defendant Jones argued that the application of a 2-level enhancement under U.S.S.G. § 3B1.3 was improper. Considering the evidence presented by Jones and the Government, the Court found that there were facts sufficient to support the enhancement. Specifically, the Court noted that Jones was a branch manager and that he had knowledge of his subordinates' pass codes, the ability to make inter-departmental transfers, the ability to

hire and to fire, and the ability to recommend that loans be extended by the Bank.  The Court further found that Jones used his position to facilitate the commission and the concealment of his crime.  Jones' objection to the § 3B1.3 enhancement was, therefore, overruled.

Defendant Jones had no other objections to the PSR.  Based on Jones' testimony relating to the ¶ 10 objection, the Government argued that Defendant was no longer eligible for a reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 and further asked the Court to increase Defendant's offense level by two levels for obstruction of justice under U.S.S.G. § 3C1.1.  For reasons stated of record, the Court found that, in light of Defendant's testimony relating to the $20,000.00, which the Court deemed a blatant lie, it was clear that Defendant had not accepted responsibility for his actions.  Therefore, the Court declined to apply a reduction in offense level under U.S.S.G. § 3E1.1.  The Court then turned to the obstruction of justice issue.  Under U.S.S.G. § 3C1.1, the obstruction of justice enhancement is proper in cases in which a defendant provides materially false information to a judge or magistrate.  See U.S.S.G. § 3C1.1, cmt. n. 4(f).  Giving Defendant the benefit of the doubt as to materiality, the Court, for reasons stated of record, declined to apply the

obstruction of justice enhancement in the present case. The $20,000 in question did not affect the offense category and would have been "material" only with respect to restitution.

The Court adopted the balance of the PSR as written. Accordingly, the Court found that Defendant Jones had a base offense level of 4. The offense level was increased by nine levels under U.S.S.G. § 2B1.1(b)(1)(J) based on an amount of loss of $173,874.34. Defendant received a two-level increase for more than minimal planning under U.S.S.G. § 2B1.1(b)(4)(A) and a two-level increase for abuse of a position of private trust under U.S.S.G. § 3B1.3, resulting in a total offense level of 17. Jones had a criminal history category of I, resulting in a sentencing range of 24 to 30 months in Zone D of the Guidelines. The Court recognized that, after the Supreme Court decision in United States v. Booker, the U.S.S.G. are no longer binding on the Court. Booker, 125 S. Ct. 738 (2005). However, they remain a factor for the Court to consider in sentencing. United States v. Williams, 410 F.3d 397 (7th Cir. 2005).

THEREFORE, after considering the case file, the PSR, the statements of counsel, Jones's own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced

Jones to 27 months imprisonment, followed by a period of five years of supervised release.  The Court ordered $137,865.12 in restitution for the benefit of National City Bank.  The Court ordered the following payment plan on the restitution:  While Defendant is incarcerated, he is to pay the greater of $25 per quarter or 50% of any monthly earnings from the UNICOR Program.  Once released from prison, the Defendant is ordered to pay at least $200 per month--which represents 20% of his monthly income before incarceration, per defense counsel.  If Defendant receives an inheritance or lottery winning (or other windfall), all of said amount shall be paid toward restitution until paid.  If Defendant fails to make any monthly payment without seeking reduction in advance of the payment date, the balance owed will become due immediately.  The Court further ordered Jones to pay a $100 special assessment, due immediately; however, based on Jones's financial status and the large amount of restitution ordered, the Court imposed no fine.  The Court allowed Jones' request to self-report and directed that Jones surrender to either his assigned prison or the U.S. Marshal's office, 600 E. Monroe, Springfield, Illinois, by noon on November 18, 2005.  Appeal rights were given.

IT IS THEREFORE SO ORDERED.

ENTER: September 23, 2005.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
